Mathew Higbee, Bar #: 11158,
3110 West Cheyenne Ave, Ste 200
North Las Vegas, NV 89128
T: (714) 617-8300
F: (714) 597-6559
Email: Mhigbee@higbeeassociates.com

Attorney for Plaintiffs,
ANDREW MANN and BRIANNA MANN

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
SOUTHERN DIVISION**

| | |
|---|---|
| ANDREW MANN and BRIANNA MANN, | Case No. **2:20-cv-241** |
| Plaintiffs, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| USAA SAVINGS BANK, | |
| Defendant. | |

NOW COME Plaintiffs, ANDREW MANN and BRIANNA MANN ("Plaintiffs"), through his attorneys, alleging the following against Defendant, USAA SAVINGS BANK:

**INTRODUCTION**

1. Plaintiffs bring this action on behalf of themselves individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully calling Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

2. The TCPA was legislated to prevent companies, like Defendant, from invading Americans' privacy by curtailing abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our

- 1 -

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). <u>See</u>, <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C § 1391(b)(1) because Defendant has its principal place of business in Las Vegas, Nevada.

## PARTIES

5. Plaintiffs is a natural person residing in Steuben County, in the City of Angola, in the State of Indiana and is otherwise *sui juris*.

6. Defendant is a Nevada corporation with its principal place of business located in Las Vegas, Nevada. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant places calls to Plaintiffs regarding one or more credit card accounts which, according to Defendant, have outstanding payments due and owed.

9. Defendant places these calls to Plaintiff Andrew Mann at telephone at phone number (260) 316-54XX.

- 2 -

10. Defendant places these calls to Plaintiff Brianna Mann at telephone at phone number (260) 319-05XX.

11. Telephones phone number (260) 316-54XXX and (260) 319-05XX are assigned to cellular telephone service.

12. Defendant placed these calls from telephone numbers including, but not limited to, (800) 531-8722 and (866) 532-0424.

13. Upon information and belief, based on the nature, number, frequency and timing of the calls, and on Defendant's prior practices, Defendant's calls were placed with an automatic telephone dialing system and/or an artificial or prerecorded voice.

14. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

15. Defendant never received Plaintiffs' "prior express consent" to place these calls using an automatic telephone dialing system or an artificial or prerecorded voice.

16. On or about May 29, 2019, Plaintiff Brianna Mann spoke with Defendant at phone number (800) 531-8722, and told Defendant to stop calling her cellular telephone.

17. Plaintiff Brianna Mann provided Defendant with personal information to assist Defendant in identifying and accessing her accounts.

18. Plaintiff Brianna Mann revoked any consent, explicit, implied, or otherwise, for Defendant to call her cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

19. On or about May 30, 2019, Plaintiff Andrew Mann spoke with Defendant at phone number (800) 531-8722, and told Defendant to stop calling his cellular telephone.

20. Plaintiff Andrew Mann provided Defendant with personal information to assist Defendant in identifying and accessing his accounts.

21. Plaintiff Andrew Mann revoked any consent, explicit, implied, or otherwise, for Defendant to call his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

22. Defendant continued to call Plaintiffs' cellular phones.

23. Plaintiff Brianna Mann received at least 138 calls from Defendant on her cell phone from May 30, 2019 through August 9, 2019.

24. Plaintiff Andrew Mann received at least 395 calls from Defendant on his cell phone from May 31, 2019 through October 24, 2019.

25. Defendant placed these calls using an automatic telephone dialing system or an artificial or prerecorded voice.

26. Defendant did not have Plaintiffs' express consent to use an automatic telephone dialing system or an artificial or prerecorded voice to place these calls.

27. Defendant placed these with the sole intention of harassing Plaintiffs into making payment to Defendant to get the calls to stop.

28. Plaintiffs felt harassed by Defendant's phone calls, which Defendant knew Plaintiffs no longer wanted to receive.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)**

29. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

31. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiffs are also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiffs, ANDREW MANN and BRIANNA MANN, respectfully request judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

    a.    Awarding Plaintiffs statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: five hundred thirty-three (533) for a total of two hundred sixty-six thousand five hundred dollars ($266500.00);

    b.    Awarding Plaintiffs actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiffs such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(C)**

33. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

34. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiffs are also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiffs, ANDREW MANN and BRIANNA MANN, respectfully request judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

    a.    Awarding Plaintiffs statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: three hundred thirty-three (533) for a total of seven hundred ninety-nine thousand five hundred dollars ($799,500.00);

    b.    Awarding Plaintiffs actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiffs such other and further relief as may be just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

Dated: February 4, 2020

RESPECTFULLY SUBMITTED,

By:    */s/ Mathew Higbee*
Mathew Higbee, Bar #: 11158,
3110 West Cheyenne Ave, Ste 200
North Las Vegas, NV 89128
T: (714) 617-8300
F: (714) 597-6559
Email: Mhigbee@higbeeassociates.com

Attorneys for Plaintiffs,
ANDREW MANN and BRIANNA MANN